**THORPE SHWER, P.C.**
Ryan S. Patterson (No. 024753)
Matthew T. St. Martin (No. 034037)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: rpatterson@thorpeshwer.com
Email: mstmartin@thorpeshwer.com
Email: docket@thorpeshwer.com

**McCOY LEAVITT LASKEY, LLC**
Eugene M. LaFlamme (*pro hac vice*)
Jillian L. Lukens (*pro hac vice*)
N19W24200 Riverwood Drive, Suite 125
Waukesha, Wisconsin 53188
Telephone: (262) 522-7000
Email: elaflamme@MLLlaw.com
Email: jlukens@MLLlaw.com

**Attorneys for Defendant, Walmart, Inc.**

THORPE SHWER, P.C.

### IN THE UNITED STATES DISTRICT COURT

### FOR DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Clover, | NO. 2:23-cv-00153-SPL |
| Plaintiff, | **DEFENDANT WALMART, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| DGL Group, Ltd. d/b/a/ Hover-1 Shenzhen Hyleton Technology Power Co. Ltd., Shenzhen Fuyuandian Power Co. Ltd., Walmart, Inc., and Doe Corporations I-X | |
| Defendants. | |

Defendant Walmart, Inc. (hereinafter "Walmart"), by and through its attorneys, as and for its answer to Plaintiff's Amended Complaint, states as follows:

### GENERAL ALLEGATIONS

1.     Answering paragraph 1, Walmart denies knowledge or information sufficient

9343580

to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

2.    Answering paragraph 2, Walmart denies upon information and belief that DGL Group, Ltd. is a New Jersey corporation and affirmatively alleges that DGL Group, Ltd. is a New York corporation with its principal place of business in Edison, New Jersey; admits that DGL Group, Ltd. distributes hoverboards throughout the United States; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

3.    Answering paragraph 3, Walmart denies the allegations therein.

4.    Answering paragraph 4, Walmart admits upon information and belief that DGL Group, Ltd. distributes hoverboards throughout the United States; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

5.    Answering paragraph 5, Walmart admits upon information and belief that DGL Group, Ltd distributes hoverboards throughout the United States; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

6.    Answering paragraph 6, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and put Plaintiff to his proof thereof.

7.    Answering paragraph 7, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

8.    Answering paragraph 8, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

9.    Answering paragraph 9, Walmart denies knowledge or information sufficient

THORPE SHWER, P.C.

2

9343580

THORPE SHWER, P.C.

to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

10.     Answering paragraph 10, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

11.     Answering paragraph 11, Walmart admits.

12.     Answering paragraph 12, Walmart admits that Walmart, Inc. is a retail seller of hoverboards throughout the United States; deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, deny the same and put plaintiff to his proof thereof.

13.     Answering paragraph 13, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

14.     Answering paragraph 14, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

15.     Answering paragraph 15, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

16.     Answering paragraph 16, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

17.     Answering paragraph 17, Walmart avers that the allegations contained in paragraph 17 constitute legal conclusions to which no response is necessary. To the extent a response is required, Walmart denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

9343580

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THORPE SHWER, P.C.

18.      Answering paragraph 18, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

19.      Answering paragraph 19, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

20.      Answering paragraph 20, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

21.      Answering paragraph 21, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

22.      Answering paragraph 22, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

23.      Answering paragraph 23, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

24.      Answering paragraph 24, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

25.      Answering paragraph 25, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

**<u>Count I – Strict Liability</u>**

26.      Answering paragraph 26, Walmart realleges and incorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this Answer.

4

27.     Answering paragraph 27, Walmart denies that it, its employees and/or agents, manufactured the alleged hoverboard that is the subject of this litigation; as to the remaining allegations, Walmart admits it sells hoverboards throughout the United States.

28.     Answering paragraph 28, Walmart denies paragraph 28 and its subparts a through d.

29.     Answering paragraph 29, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

30.     Answering paragraph 30, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

### Count II – Negligence

31.     Answering paragraph 31, Walmart realleges and incorporates herein by reference as if fully set forth, the admissions, denials, and allegations contained within the preceding paragraphs of this Answer.

32.     Answering paragraph 32, Walmart avers that the allegations contained in paragraph 32 constitute legal conclusions to which no response is necessary. To the extent a response is required, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

33.     Answering paragraph 33, Walmart avers that the allegations contained in paragraph 33 constitute legal conclusions to which no response is necessary. To the extent a response is required, Walmart denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same and puts Plaintiff to his proof thereof.

34.     Answering paragraph 34, Walmart denies the allegations therein.

35.     Answering paragraph 35, Walmart denies the allegations therein.

36.     Answering paragraph 36, Walmart denies knowledge or information

THORPE SHWER, P.C.

5

9343580

THORPE SHWER, P.C.

1    sufficient to form a belief as to the truth of the remaining allegations contained therein and,

2    therefore, denies the same and puts Plaintiff to his proof thereof.

3        37.    Answering paragraph 37, Walmart denies any negligence on the part of

4    Walmart; as to the remaining allegations contained therein, Walmart denies knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations and,

6    therefore, denies the same and puts Plaintiff to his proof thereof.

7        38.    Answering paragraph 38, Walmart denies any negligence on the part of

8    Walmart; as to the remaining allegations contained therein, Walmart denies knowledge or

9    information sufficient to form a belief as to the truth of the remaining allegations and,

10    therefore, denies the same and puts Plaintiff to his proof thereof.

11        39.    Answering paragraph 39, Walmart denies any negligence on the part of

12    Walmart; as to the remaining allegations contained therein, Walmart denies knowledge or

13    information sufficient to form a belief as to the truth of the remaining allegations and,

14    therefore, denies the same and puts Plaintiff to his proof thereof.

15                              **Count III – Res Ipsa Loquitor**

16        40.    Answering paragraph 40, Walmart realleges and incorporates herein by

17    reference as if fully set forth, the admissions, denials, and allegations contained within the

18    preceding paragraphs of this Answer.

19        41.    Answering paragraph 41, Walmart avers that the allegations contained in

20    paragraph 41 constitute legal conclusions to which no response is necessary. To the extent

21    a response is required, Walmart denies knowledge or information sufficient to form a belief

22    as to the truth of the remaining allegations contained therein and, therefore, denies the same

23    and puts Plaintiff to his proof thereof.

24        42.    Answering paragraph 42, Walmart avers that the allegations contained in

25    paragraph 42 constitute legal conclusions to which no response is necessary. To the extent

26    a response is required, Walmart denies knowledge or information sufficient to form a belief

27    as to the truth of the remaining allegations contained therein and, therefore, denies the same

28    and puts Plaintiff to his proof thereof.

6

9343580

1    43.    Answering paragraph 43, Walmart denies any negligence on the part of these

2  answering defendants; as to the remaining allegations contained therein, these answering

3  Walmart denies knowledge or information sufficient to form a belief as to the truth of the

4  remaining allegations and, therefore, denies the same and puts Plaintiff to his proof thereof.

5    44.    Answering paragraph 44, Walmart denies the allegations therein.

6    45.    Answering paragraph 45, Walmart avers that the allegations contained in

7  paragraph 45 constitute legal conclusions to which no response is necessary. To the extent

8  a response is required, Walmart denies knowledge or information sufficient to form a belief

9  as to the truth of the remaining allegations contained therein and, therefore, denies the same

10  and put Plaintiff to his proof thereof.

11    46.    Answering paragraph 46, Walmart denies any negligence on the part of

12  Walmart; as to the remaining allegations contained therein, Walmart denies knowledge or

13  information sufficient to form a belief as to the truth of the remaining allegations and,

14  therefore, denies the same and puts Plaintiff to his proof thereof.

15                        **<u>AFFIRMATIVE DEFENSES</u>**

16    By alleging the matters set forth below under the heading "Affirmative Defenses,"

17  Walmart does not thereby allege or admit that it has the burden of proof and/or burden of

18  persuasion with respect to any of those matters:

19    1.    Walmart affirmatively alleges that the Complaint, in whole or in part, fails to

20  state a claim upon which relief may be granted.

21    2.    Walmart alleges that if Plaintiff sustained damages as alleged in the

22  Complaint, Plaintiff failed to mitigate his damages.

23    3.    In the event that Plaintiff suffered any legally cognizable injuries or damages,

24  which are expressly denied herein, there is no proximate or other causal connection

25  between any act or failure to act on the part of Walmart, and the damages and/or losses

26  alleged by Plaintiff.

27    4.    The conduct, acts, omissions, or negligence of third persons for whom

28  Walmart was and/or was not responsible, and had no control nor right to control, intervened

THORPE SHWER, P.C.

7

9343580

THORPE SHWER, P.C.

1   and superseded the negligence, responsibility or strict liability, if any, of Walmart, in

2   causing the injury, damage, or condition alleged in Plaintiff's Amended Complaint.

3       5.      The product referred to in Plaintiff's Amended Complaint may have been

4   misused, abused, altered or used not in accordance with the recommended or

5   manufacturer's instruction for the product in question by Plaintiff, or by third parties, over

6   whom Walmart have or had no control nor right of control. Such misuse, abuse, or

7   alteration was not reasonably foreseeable to Walmart, and proximately caused any loss or

8   damages incurred by Plaintiff.

9       6.      The product referred to in Plaintiff's Amended Complaint at the time of sale

10  complied with the applicable codes, standards, or regulations adopted or promulgated by

11  the United States or the State of Arizona.

12      7.      Any damage, injury or condition, if any, alleged in Plaintiff's Amended

13  Complaint may have been caused or substantially contributed to by third parties and/or

14  Plaintiff's negligence, and comparative fault and/or knowing and voluntary assumption of

15  known and appreciated risks, and such comparative fault and/or assumption of risk, if any,

16  bars or reduces Plaintiff's claims. In the event Plaintiff is entitled to any damages, the

17  amount of those damages should be reduced by the fault of Plaintiff and any person whose

18  negligent acts or omissions are imputed to Plaintiff pursuant to A.R.S. § 12-2506.

19      8.      If Plaintiff incurred any injury or damage, which is denied, the risk of such

20  latent injury or damage was not foreseeable.

21      9.      Plaintiff's claims may be barred, in whole or in part, on the grounds of public

22  policy.

23      10.     Walmart affirmatively alleges that Plaintiff's claims are barred by those

24  affirmative defenses specifically enumerated in A.R.S. § 12-683.

25      11.     Walmart hereby reserves the right to add additional affirmative defenses as

26  discovery progresses.

27      12.     For further answer and affirmative defense, and pleading in the alternative,

28  Walmart states that Plaintiff's claims may be barred to the extent that any product at issue

8

9343580

1  in this lawsuit was altered or modified after leaving the possession of Walmart or any other
2  potential Defendant's possession.

3  ## DEFENDANT'S PRAYER FOR RELIEF

4  **WHEREFORE,** Walmart demands judgment as follows with respect to Plaintiff's
5  claims for relief.

6      1.      Dismissing Plaintiff's Amended Complaint on the merits, together with its
7  taxable costs and disbursements herein; and

8      2.      For other and such further relief as the Court might deem just and equitable.

9

10  RESPECTFULLY SUBMITTED this 14th day of March 2023.

11          **THORPE SHWER, P.C.**
12

13          /s/      *Ryan S. Patterson*
14          Ryan S. Patterson
            Matthew T. St. Martin
15          *Attorneys for the Defendant, Walmart, Inc.*

THORPE SHWER, P.C.

9

9343580

THORPE SHWER, P.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2023, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Bradley M. Lakin
Robert W. Schmieder II
Karen Wilson
SL Chapman, LLC
17470 N. Pacesetter Way
Scottsdale, AZ 85255
docket@Championsfortheinjured.com

*/s/ Joan Peralta*
Legal Assistant

9343580